# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | §  |
|---|---|
| IN RE: | § CHAPTER 15 |
| THINK3 INC., | § CASE NO. 11-[*to be assigned by the U.S.* |
| DEBTOR IN A FOREIGN PROCEEDING | § *Bankruptcy Court*] |

## DECLARATION OF ITALIAN COUNSEL PURSUANT TO 28 U.S.C. § 1746

I, Edgardo Ricciardiello declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a partner in the Italy-based Law firm of Galletti, Ricciardiello & Partners, located at Via F. Baracca, 3 in Bologna, Italy. I hereby submit this declaration (the "Declaration") in support of the Verified Petition for Recognition of Foreign Main Proceeding (the "Petition"), which is to be filed contemporaneously herewith by Dr. Andrea Ferri, as foreign representative (the "Foreign Representative"), and which seeks entry of an order recognizing the involuntary judicial proceeding (the "Italian Proceeding") that was initiated against Think3 Inc. ("Think3" and the "Foreign Debtor") in the Court of Bologna, Italy (the "Italian Court"), on March 14, 2011, as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Except as is expressly set forth below, I have personal knowledge of the matters set forth in this Declaration.[1]

2. Although Italian is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Petition.

3. My law firm represents the Foreign Representative in the Italian Proceeding in Italy.

4. In this Declaration, after describing my background and qualifications with respect to Italy's law relating to bankruptcy and insolvency (the "Italian Bankruptcy Law"), I provide a description of the general structure of the Italian Bankruptcy Law, and also describe certain aspects of the Think3's involuntary judicial bankruptcy proceedings in Italy pursuant to the Italian Bankruptcy Law as a point of reference for the Court in these U.S.-based proceedings.

5. In preparing this Declaration, I have reviewed: (i) the Chapter 15 Petition; (ii) all documents submitted in support of the Chapter 15 Petition; and (iii) the Italian Bankruptcy Law.

**Background and Qualifications**

6. Pertinent aspects of my legal background are as follows:

7. I earned my Law degree, *cum laude*, from the University of Bologna, Italy, on October 24, 1996. I obtained my license to practice Law from the Court of Bologna, Italy, on February 10, 2001.

8. On September 29, 2006, I earned the title of PhD in Corporations and Security Regulation. During training for my PhD designation I spent a semester in the United States at Wake Forest University engaged as International Researcher under the guide of Prof. Alan Palmiter.

9. Since obtaining my Law degree, I have been a practicing attorney in private practice. As part of my practice, I have been involved in insolvency proceedings pursuant to the Italian Bankruptcy Law.

10. In addition to my Law practice, I am also the author of several publications on Italian commercial and bankruptcy Law. In 2009 I published the book titled "*Il socio*

*amministratore di s.r.l.,*" which discusses reforms of the Italian laws in 2003 in a comparative law approach or framework.

11. I have represented and advised the Foreign Representative with respect to all aspects of Think3's Italian insolvency and business reorganization matters in the Italian Proceeding.

12. Papers submitted by the Foreign Representative in the Italian Proceeding have been drafted under my supervision.

## Overview Of The Italian Bankruptcy Law

13. Proceedings brought pursuant to the Italian Bankruptcy Law are conducted in a court in Italy, and are overseen by a judge. Decisions of Italian courts in bankruptcy matters are subject to appellate review.

14. The Italian Bankruptcy Law provides both procedures and substantive law for both the reorganization and liquidation of companies in financial distress.[2] Voluntary proceedings are available to insolvent businesses, and involuntary proceedings may be commenced by creditors in some instances.

15. In this case, Think3's Italian insolvency proceedings under the Italian Bankruptcy Law were commenced as involuntary liquidation proceedings.

16. Although Think3's Italian insolvency proceedings began as liquidation proceedings, it is possible for liquidation proceedings to become reorganization proceedings. Indeed, recent indications (relating to recent rulings in the Italian Proceeding and discussed in

---

[2] Pursuant to Article 124 of the Italian Bankruptcy Law, one or more creditors may propose to the Court a "*Concordato fallimentare*". A *Concordato fallimentare* is an agreement for restructuring the company's debts. The proposal may provide for assumption of the debts of the debtor entity by a third party. In Italy like in other systems it is possible to convert or transform a liquidation case or procedure (bankruptcy procedure based on Articles 5-15 of the Italian Bankruptcy Law) into a restructuring case or procedure.

more detail below), in my view, are that reorganization is a possible if not likely outcome for Think3.

17. A primary goal of the Italian Bankruptcy Law is the maximization of value for the benefit of creditors.[3]

18. Under the Italian Bankruptcy Law, the business affairs and assets of a debtor are subject to oversight and control by the Italian courts. *See* Article 31 of the Italian Bankruptcy Law.

19. The jurisdiction of the Italian courts under the Italian Bankruptcy Law derives from the presence of assets or business operations in Italy.[4] I am advised that in this respect, the Foreign Debtors' insolvency proceedings under the Italian Bankruptcy Law are similar to proceedings that could be commenced against a foreign corporation with business operations and assets located in the United States.

20. In this case, Think3's insolvency proceedings under the Italian Bankruptcy Law were properly commenced in Italy based upon the location of Think3's business operations and assets. No one has challenged the jurisdiction of the Italian Court and the thirty (30) day period for appeal under Article 18 of the Italian Bankruptcy Law has expired.

21. Once a proceeding is commenced under the Italian Bankruptcy Law, foreign credits or (*i.e.*, creditors located outside of Italy) are protected. Indeed, the Italian Bankruptcy

---

[3] Pursuant to Article 51 of the Italian Bankruptcy Law, after the day of the "bankruptcy declaration" it is forbidden for individual creditors to act in order to recover their credits against the debtor in bankruptcy. The bankruptcy declaration permits only the creditors' *concursus* (collective action of all creditors to recover based on value derived from the debtor's enterprise, goods and relationships) with the representative power of the Trustee appointed by the Italian Court.

[4] The Italian Bankruptcy Laws providing for jurisdiction in Italy in matters of bankruptcy over enterprises which have places of business in another country arises from Article 9 of the Italian Bankruptcy Law. That rule states that: "The bankruptcy is pronounced by the Court where the enterprise has the main place of business. The entrepreneur that has the place of business in another country may be declared bankrupt in Italy even if it has been declared bankrupt in another country as well."

Law provides for the just treatment of all holders of claims against or interests in the estate, including foreign creditors – *no distinction* is made based on the location of a creditor under the Italian Bankruptcy Laws.

22. In an involuntary liquidation proceeding such as the proceeding commenced against Think3, a Trustee is put in place pursuant to the Italian Bankruptcy Law.[5] In Think3's Italian Proceeding, Dr. Andrea Ferri has been appointed Trustee.

23. Pursuant to the Italian Bankruptcy Law, a Trustee such as Dr. Ferri is obligated to marshal assets, investigate and resolve claims, and where appropriate, operate and even sell a debtor's business and assets to provide recoveries for creditors.[6]

24. The Italian Bankruptcy Law also provides for the creation and appointment of a "creditors committee" in bankruptcy cases commenced in the Italian courts.[7] A creditors committee has been put in place in Think3's Italian Proceeding.

25. The Italian bankruptcy system is based on the principle of "*par condicio creditorum*" that requires the Trustee to respect the order of creditors distinguishing secured creditors from unsecured creditors. *See* Articles 51, 52, 111 of the Italian Bankruptcy Law.

26. Consistent with that principle, the Italian Bankruptcy Law provides for the recognition and prioritization of creditor claims based on the nature of the claim and whether it is

---

[5] The Trustee is appointed by the Italian Court as part of the bankruptcy declaration. The Trustee has all power to manage the bankrupt's assets on the basis of Article 31 of the Italian Bankruptcy Law, under supervision of the Court.

[6] The Italian bankruptcy system does not generally give the Trustee the power to sell assets by private sale. Sales may occur only on the basis of competitive procedure – *e.g.*, auction – with the supervision of the Court. *See* Article 107 of the Italian Bankruptcy Law.

[7] Pursuant to Article 40 of the Italian Bankruptcy Law the creditors committee is created and appointed by the Giudice Delegato within thirty (30) days of entry of the bankruptcy declaration. Nominations for participation on the committee are designed to ensure that the committee represents all creditor classes. In this case the creditors committee has been regularly appointed.

5

secured by collateral, and also provides for the distribution of estate assets to be made in accordance with that ranking. *See* Article 111 of the Italian Bankruptcy Law

27. The Italian Bankruptcy Law also contains protections against the preferential or fraudulent disposition of property of a debtor's estate. *See* Articles 216, 217 of the Italian Bankruptcy Law.

28. The Italian Bankruptcy Laws contain provisions that permit a debtor to terminate certain contracts. Those rights have been very important to the maximization of value for the benefit of creditors in Think3's Italian Proceeding.

29. Pursuant Article 72 of Italian Bankruptcy Law a Trustee may decide, with the prior approval and consent of the official creditors committee in an Italian bankruptcy proceeding, to take over or terminate a contract that was in force at the date of the bankruptcy declaration.[8] There is one exception to this rule permitting termination: if the contract has been fully performed by the parties or if the parties have transferred the property at issue, the contract cannot be terminated under the Italian Bankruptcy Law.

30. In Think3's Italian Proceedings, a Technology License Agreement (the "<u>Contract</u>") between Think3 and Versata FZ LLC, was terminated by the Trustee on May 2, 2011, pursuant Article 72 of the Italian Bankruptcy Law. Copies of the decision of the Italian Court overseeing Think3's Italian Proceeding, in both English and Italian, are attached to the Ferri Declaration as Exhibits C and D, respectively. Versata has been and continues to be active in the Italian Proceeding, and challenged termination of the Contract.

---

[8] Article 72 of Bankruptcy Law says that: if a contract has not yet been fully performed by the parties, in the case of bankruptcy of one of them the performance of the contract is suspended until the trustee, with authorization of the creditors committee, declares to (i) take over or (ii) terminate said contract, unless the contract and all rights thereunder have already been performed or transferred by one party to the other. After termination, the contract counterparty can file a claim for credits owed because of the termination.

31. The decision permitting and approving termination of the Contract was appealed by Versata pursuant Article 36 of Bankruptcy Law before Giudice Delegato (the Judge Appointed by the Bologna Court to follow the bankruptcy procedure). On June 28, 2011, Giudice Delegato rejected the appeal and ruled in favor of the Trustee. Copies of the June 28, 2011 decision, in both English and Italian, are attached to the Ferri Declaration as Exhibits E and F, respectively.

32. Versata lodged yet another appeal, pursuant Article 36 comma 2 of the Italian Bankruptcy Law. That appeal was to the Court of Bologna, which is comprised of the President of the Italian Bankruptcy Court and two more judges. On July 20, 2011, the Court of Bologna rejected Versata's second appeal. Copies of the July 20, 2011 decision, in both English and Italian, are attached to the Ferri Declaration as Exhibits G and H, respectively.

33. On July 25, 2011, the Italian Court entered a cross-border injunction against Versata. Through the cross-border injunction the Italian Court has: (i) warned Versata not to circulate misleading and false news about the Trustee and the Italian Bankruptcy Proceedings or procedure with respect to management of Think3; (ii) forbidden and denied Versata any use of Think3's community trademark registered with n. 001207893 (June 16, 1999) and prohibiting the use of "think3" in the domain name www.think3.versata.com; (iii) imposed a penalty of Euros 5,000.00 for any further violation of the order of the Italian Court, with a specific direction to Versata that it must eliminate, within fifteen (15) days of receiving notice of the injunction, the name "think3" from the domain name www.think3.versata.com; (iv) authorized the Trustee to publish the cross-border injunction on the internet and in a magazine chosen by the Trustee; and (v) requiring Versata to pay certain legal fees. Copies of the July 26, 2011 injunction, in both English and Italian, are attached to the Ferri Declaration as Exhibits I and J, respectively.

34. I have been advised that on May 16, 2011, Versata FZ-LLC commenced a lawsuit against Think3 in federal district court in Texas. I believe that the commencement of that lawsuit is a violation of Article 51 of the Italian Bankruptcy laws, which provide a worldwide stay against the commencement or continuation of actions against a debtor.

I declare under penalty of perjury under the Law of the United States of America that the foregoing is true and correct.

Dated: Bologna, Italy
     August 1, 2011                            */s/ Edgardo Ricciardiello*