# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § | (CHAPTER 11) | |
| § | | |
| THINK3 INC. § | CASE NUMBER 11-11252 | |
| § | | |
| DEBTOR. § | | |

| | | |
|---|---|---|
| IN RE: § | (CHAPTER 15) | |
| § | | |
| THINK3 INC. § | | |
| § | CASE NUMBER 11-11925 | |
| DEBTOR IN A FOREIGN PROCEEDING. § | | |

## DEBTOR'S STATUS REPORT FOR STATUS CONFERENCE ON AUGUST 18, 2011

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW think3 Inc., debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Debtor"), and files its Debtor's Status Report for Status Conference on August 18, 2011 (the "Status Report"), and respectfully represents the following:

## Factual Background

**A.     The Debtor's Chapter 11 Case**

1.      The Debtor, together with its subsidiaries, is a global leader in the computer-aided design ("CAD") and product lifecycle management ("PLM") software market. The Debtor's principal place of business is Austin, Texas. The Debtor also conducted business in Italy through a branch office (the "Italian Branch"). The Debtor has a worldwide presence through six subsidiaries, including think3 SRL (based in Italy) (the "Italian Subsidiary").

2.      On March 14, 2011, several Italian creditors commenced an involuntary insolvency proceeding against the Debtor and the Italian Subsidiary in the Court of Bologna, Italy (the "Italian Bankruptcy Court"). The Italian insolvency proceeding is case number

69/2011 (the "Italian Proceeding"). The Italian Bankruptcy Court appointed Dr. Andrea Ferri as the trustee (the "Italian Trustee") for think3 Inc. The Italian Bankruptcy Court also appointed Massimiliano Magagnoli as the trustee for the Italian Subsidiary. Mr. Magagnoli has not participated in the Debtor's Chapter 11 proceeding.

3. On May 18, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code") in this Court (the "Chapter 11 Case"). The Debtor is a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Rebecca A. Roof is the Chief Restructuring Officer of the Debtor.

4. Prior to the Petition Date, the Italian Trustee took control of the Debtor's books and records located in Italy and has refused to give the Debtor access to the books and records located in Italy. Since her appointment, Ms. Roof has repeatedly requested access to the books and records located in Italy. The Italian Trustee has not granted Ms. Roof access to the books and records located in Italy.

5. On August 3, 2011, Ms. Roof filed a request for access to the books and records with the Italian Bankruptcy Court. On August 4, 2011, the Italian Bankruptcy Court denied the request. Moreover, Ms. Roof has requested access to review pleadings and other documents in the Italian Bankruptcy Court's file. Ms. Roof has been granted only limited access to documents and pleadings in the Italian Bankruptcy Court's docket.

**B.     The Dispute Between Versata, the Debtor, and the Italian Trustee**

6. On October 7, 2010, the Debtor entered into a Technology License Agreement (the "License Agreement") with Versata FZ-LLC ("Versata"). Under the License Agreement, the Debtor granted Versata the exclusive right to use certain intellectual property of the Debtor

(the "Global IP") in the design, development, manufacture, marketing, distribution, and support of products. The Global IP did not include certain rights to use the intellectual property in China (the "China IP"), which remained with the Debtor. In exchange, Versata paid the Debtor $3,000,000.

7. Following his appointment, the Italian Trustee sought authority to terminate the License Agreement. On May 2, 2011, the Italian Bankruptcy Court authorized the termination. Versata contests the finality of the termination ruling. The ruling of the Italian Bankruptcy Court appears to be limited to Italy. Nonetheless, the Italian Trustee asserts that as a consequence of the purported termination of the License Agreement, Versata no longer has the right to use the Global IP anywhere in the world. Upon information and belief, the Italian Trustee has directly contacted Versata's customers throughout the world and directed them to make payments to the Italian Trustee rather than Versata. Prior to the actions of the Italian Trustee, the Debtor and/or its subsidiaries received significant revenue marketing the Global IP pursuant to agreements with Versata. Consequently, the actions of the Italian Trustee have negatively impacted the business of the Debtor.

8. As a result of the Italian Trustee's interference with the License Agreement and Versata's customers, Versata filed a complaint against the Debtor for breach of the License Agreement, tortious interference, and declaratory relief in the United States District Court for the Western District of Texas, Austin Division, in the case styled and numbered *Versata FZ-LLC v. Think3, Inc.*, Civil Action No. 1:11-cv-404 (the "Versata Lawsuit"). Versata alleges that damages continue to accrue against the Debtor as a result of the continuing breach of the License Agreement.

9. The Debtor has negotiated a proposed settlement with Versata to resolve its disputes with Versata. On July 11, 2011, the Debtor filed its Motion to (I) Approve Compromise and Settlement of Claims by and between think3 Inc., Versata FZ-LLC, Versata Development Group, Inc., and Versata Software, Inc., (II) Assume Technology License Agreement, and (III) Approve Sale of Certain Intellectual Property Interests to Versata FZ-LLC (the "Settlement Motion"). The Settlement Motion seeks approval of a proposed settlement with Versata.

10. The dispute between the Italian Trustee and Versata has created considerable confusion among customers of think3 products (the "Customers") and interfered with the Debtor's business.[1] Until the ownership of the Global IP is finally decided by a court of competent jurisdiction, Customers may be in danger of paying twice if they make payments to a party that is ultimately not entitled to such payments. Moreover, some Customers are simply not paying for think3 products while the dispute continues. This confusion will negatively affect the ability of the Debtor to develop its China markets and to successfully sell PLM products.

11. On August 1, 2011, the Debtor filed its Motion to Amend Order Granting Debtor's Emergency Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; and (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System (the "Motion to Amend Bank Account Order"). In the Motion to Amend Bank Account Order, the Debtor requested authority to create a segregated escrow account into which Customers of think3 products could make payments to avoid the risk of paying the wrong party and to give assurance to non-paying Customers that they can safely make payments. The Court scheduled a hearing to consider the Settlement Motion and the Motion to Amend Bank Account Order on August 18, 2011.

---

[1] This dispute is highlighted in a recent blog post by Deelip Menezes. Mr. Menezes blogs about developments in the CAD software industry. A copy of the blog post is attached hereto as Exhibit A.

12. On August 1, 2011, the Italian Trustee filed the Verified Petition for Recognition of Foreign Main Proceeding and Request for Chapter 15 Relief (the "Petition for Recognition") in this Court under Case No. 11-11925. The Italian Trustee seeks recognition of the Italian Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code. On August 2, 2011, the Court entered its Order Setting Hearing and Directing Method of Notice and Cooperation Regarding Chapter 15 Petition for Recognition of Foreign Main Proceeding with Notice Thereof (the "Chapter 15 Order") (Docket No. 113). In the Chapter 15 Order, the Court scheduled a hearing on the Petition for Recognition on August 25, 2011. The Court also directed that "Counsel for the Chief Restructuring Officer of the Debtor in the Think3 Chapter 11 Case, and U.S. counsel for the Italian Trustee and the Italian Trustee, should meet, and to the maximum extent possible, engage in efforts to consult, coordinate, and cooperate with respect to the relief sought in the Petition [for Recognition] and the Think3 Chapter 11 Case." Chapter 15 Order, ¶ 4.

13. Anticipating that the Court may wish to consider the Petition for Recognition at the same time as it considers the Settlement Motion and the Motion to Amend Bank Account Order, on August 4, 2011, the Debtor filed its Motion to Continue August 18, 2011 Hearings on the Debtor's (A) Motion to (i) Approve Compromise and Settlement of Claims By and Between Think3 Inc., Versata FZ-LLC, Versata Development Group, Inc., and Versata Software, Inc., (ii) Assume Technology License Agreement, and (iii) Approve Sale of Certain Intellectual Property Interests to Versata FZ-LLC; and (B) Motion to Amend Order Granting Debtor's Emergency Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; and (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System (the "Motion for Continuance"). The Motion for Continuance sought to continue the

August 18, 2011 hearings on the Settlement Motion and the Motion to Amend Bank Account Order to August 25, 2011, so that the Court may conduct hearings on these Motions at the same time as the hearing on the Petition for Recognition. On August 5, 2011, the Court granted the Motion for Continuance and rescheduled the hearings on the Settlement Motion and the Motion to Amend Bank Account Order for August 25, 2011.

14. On August 5, 2011, the Italian Trustee filed the Application for Order Either (I) Adjourning the Sale Motion and Escrow Motion Hearings and Objection Deadlines in Case No. 11-11252 as well as the Recognition Hearing in this Case, or (II)(A) Granting Injunctive Relief and (B) Scheduling a Hearing (the "Application to Adjourn or Enjoin"). The Application to Adjourn or Enjoin seeks either to (i) adjourn the hearings on the Settlement Motion, the Motion to Amend Bank Account Order, and the Petition for Recognition to sometime in September or (ii) obtain a preliminary injunction staying all proceedings in the Chapter 11 Case until the Court rules on the Petition for Recognition.

15. On August 8, 2011, the Court entered a sua sponte Order (1) Setting Status Conference, (2) Setting Hearing on Application and Motion to Quash, and (3) Resetting Objection Deadline (the "Status Conference Order") (Docket No. 130). The Status Conference Order scheduled a hearing to consider the Application to Adjourn or Enjoin, the Settlement Motion, the Motion to Amend Bank Account Order, and the Petition for Recognition on August 25, 2011 at 10:00 a.m. (Central). The Status Conference Order also scheduled a status conference on August 18, 2011 at 10:00 a.m. (Central) (the "Status Conference"). At the Status Conference, the Court directs counsel to address "(a) the sequence of the hearings set for August 25, 2011, including the Petition, Settlement Motion, Escrow Motion, and Application; (b) issues related to presentation of evidence at the hearings set for August 25, 2011; (c) consideration of

whether this Court and the Italian Court should communicate directly, and any proposed method of such communication; (d) consideration of whether this Court should appoint an independent mediator, independent examiner, or other independent person, to coordinate and cooperate with the Italian Court and/or attempt to achieve resolution of the issues in the Chapter 11 Case, the Chapter 15 Case, and the Italian Proceeding; and (e) any other issues that may promote adjudication or resolution of the issues in the Chapter 11 Case and the Chapter 15 Case."

16. On August 10, 2011, the Debtor filed its Complaint in the adversary proceeding styled and numbered *think3 Inc. v. Andrea Ferri*, Adv. Pro. No. 11-01218 (the "Turnover Complaint"). The Turnover Complaint seeks to compel the Italian Trustee to turn over all of the Debtor's property in his possession, custody, or control pursuant to Section 543 of the Bankruptcy Code. In addition, the Debtor filed its Motion for Preliminary Injunction seeking an order compelling the Italian Trustee to immediately turn over all of the Debtor's property in his possession, custody, or control. The Court has not yet scheduled a hearing on the Motion for Preliminary Injunction.

17. In furtherance of the Court's instructions in the Chapter 15 Order, on August 15, 2011, the Debtor's counsel and Ms. Roof met with the Italian Trustee's U.S. counsel at their offices in New York City. The Italian Trustee's Italian counsel joined the meeting by video conference from Italy. The Italian Trustee did not attend the meeting in person or by video. The parties have not yet reached an agreement regarding the sequence of the hearings scheduled on August 25, 2011 or any resolution of the issues among the parties.

## Status of the Chapter 11 Case

**A.     The Sequence of the Hearings Set for August 25, 2011**

18.     The Status Conference Order instructs the Debtor to address the sequence of the hearings set for August 25, 2011.  The Debtor filed its Settlement Motion and Motion to Amend Bank Account Order prior to the Italian Trustee's Petition for Recognition.  Accordingly, the Debtor submits that those two matters should be considered first, and the Court may then consider the Italian Trustee's Petition for Recognition.  The Settlement Motion and the Motion to Amend Bank Account Order are necessary to resolve confusion among Customers of think3 products and allow the Debtor to reorganize.  Any further delay in considering these matters will simply perpetuate Customer confusion and diminish the think3 brand.  The Debtor has no objection to the Petition for Recognition being heard immediately after the hearing on the Settlement Motion and the Motion to Amend Bank Account Order.  The Application to Adjourn or Enjoin will likely be mooted by the Court's consideration of the Settlement Motion, the Motion to Amend Bank Account Order, and the Petition for Recognition.  To the extent that the Application to Adjourn or Enjoin is not mooted by these matters, the Debtor submits that the Application to Adjourn or Enjoin should be considered last.

**B.     Issues Related to Presentation of Evidence at the Hearings Set for August 25, 2011**

19.     The Status Conference Order also instructs the Debtor to address issues related to the presentation of evidence at the hearings set for August 25, 2011.  The Debtor believes there are common fact issues and evidence for the hearings on the Settlement Motion, the Motion to Amend Bank Account Order and the Petition for Recognition.  Any evidence admitted at the hearing on the Settlement Motion and the Motion to Amend Bank Account Order may be considered at the hearing on the Petition for Recognition. Conducting the hearings on the same date would assist in the orderly presentation of evidence and result in judicial economy.  In addition, the Debtor intends to present live witnesses.  Versata has informed the Debtor that it

also intends to present live witnesses. Holding the hearings on the same date will result in efficiency and substantially lower travel costs and related expenses for out of town witnesses and counsel.

**C.   Consideration of Whether this Court and the Italian Bankruptcy Court Should Communicate Directly**

20.   The Status Conference Order instructs the Debtor to address the issue of whether the Court should communicate directly with the Italian Bankruptcy Court. The Debtor's Italian counsel has informed the Debtor that there is no existing protocol between the courts of the United States and Italy by which Italian courts can communicate directly with this Court. While the Debtor does not object to the Court's attempting to communicate directly with the Italian Bankruptcy Court to achieve cooperation among the two proceedings, the Debtor believes that delaying the hearings in the Chapter 11 Case while this Court attempts to communicate with the Italian Bankruptcy Court may serve only to delay the Chapter 11 Case.

21.   Moreover, if the Court wishes to communicate directly with the Italian Bankruptcy Court, the Debtor requests that this Court and the Italian Bankruptcy Court (the "Courts") establish a protocol for such communication. The Debtor believes that a protocol will facilitate efficient and effective discussions between the Courts that will assist the Courts in achieving cooperation among the Chapter 11 Case and the Italian Proceeding. Such a protocol should address the following matters:

  a.   The form of the communications between the Courts (written, electronic, telephone, or video);

  b.   The topics the Courts will discuss;

  c.   Who may participate in any communications between the Courts;

>   d.  Is notice of the communications between the Courts necessary and who should receive notice of the communications between the Courts;
>
>   e.  Will the communications between the Courts be transcribed;
>
>   f.  The appointment of interpreters for the Courts;
>
>   g.  Will the communications be considered as evidence; and
>
>   h.  Will any decisions of one court be binding on the other court.

The Debtor's Italian counsel has attempted to contact Italian counsel for the Italian Trustee to discuss these issues but to no avail. Moreover, the Delegated Judge of the Italian Bankruptcy Court has been on vacation since the Status Conference Order was entered, and the Debtor's Italian counsel has been unable to address these issues with the Italian Bankruptcy Court.

**D. Consideration of Whether this Court Should Appoint an Independent Mediator, Independent Examiner, or Other Independent Person, to Coordinate and Cooperate with the Italian Court and/or Attempt to Achieve Resolution of the Issues in the Chapter 11 Case and the Chapter 15 Case**

22. The Status Conference Order instructs the Debtor to report on whether the Court should consider appointing an independent mediator, independent examiner, or other independent person to assist the Court in resolving the issues among the Chapter 11 Case and the Italian Proceeding. The Debtor does not oppose the appointment of an independent person as long as such appointment would not significantly delay proceedings in the Chapter 11 Case. Mediation or arbitration could delay the Chapter 11 Case significantly, during which time Customers would continue to abandon think3 products. Any significant delay could reduce the Debtor's prospects for reorganization and would therefore not be in the best interest of the Debtor's estate or creditors.

**E. Other Issues that May Promote Adjudication or Resolution of the Issues in the Chapter 11 Case and the Chapter 15 Case**

23. The Status Conference Order instructs the Debtor to report on other issues that may promote adjudication or resolution of the issues in the Chapter 11 Case and the Chapter 15 Case.

24. The Debtor commenced the Turnover Action to compel the Italian Trustee to turn over all of the Debtor's property in his possession, custody, or control pursuant to Section 543. In connection with the Turnover Action, the Debtor also filed a Motion for Preliminary Injunction to request that the Court compel the Italian Trustee to turn over the Debtor's property in his possession, custody, or control immediately. The Court has not yet scheduled a hearing on the Motion for Preliminary Injunction. The Debtor requests that the Court schedule a hearing to consider the Motion for Preliminary Injunction as soon as its schedule permits.

25. The Debtor owns 100% of the issued and outstanding equity interests of think3 KK (the "Japanese Subsidiary"). The Debtor's interest in the Japanese Subsidiary constitutes an asset of the Chapter 11 estate. On August 10, 2011, in order to protect its interest in the Japanese Subsidiary and its business interests in Japan, the Debtor filed a petition for recognition of the Chapter 11 Case as a foreign proceeding under the Law Relating to Recognition and Assistance for Foreign Insolvency Proceedings ("LRAF") enacted by Japan. The recognition proceeding is pending in the Tokyo District Court and is numbered "Heisei 23 (sho) No.3" (the "Japanese Proceeding"). On August 11, 2011, the Tokyo District Court entered an order recognizing the Chapter 11 Case as a foreign proceeding under LRAF, and prohibiting creditors and other parties in interest from exercising remedies against the Debtor's property in Japan.

Dated: August 17, 2011

Respectfully submitted,

**HAYNES AND BOONE, LLP**

/s/ Charles A. Beckham, Jr.
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Brooks Hamilton
Texas Bar No. 24046015
Kelli M. Stephenson
Texas Bar No. 24070678
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas 77010
Telephone (713) 547-2000
Facsimile (713) 547-2600

– and –

Robin E. Phelan
Texas Bar No. 15903000
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone (214) 651-5000
Facsimile (214) 651-5940

**COUNSEL TO DEBTOR-IN-POSSESSION**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served on those individuals or entities appearing on the Master Service List dated July 29, 2011 via first class United States mail, postage prepaid and properly addressed, on the 17th day of August, 2011.

/s/ Brooks Hamilton
Brooks Hamilton

# SERVICE LIST

**Debtor**

think3, Inc.
Attn: Rebecca A. Roof
6011 W. Courtyard Dr.
Austin, TX 78730
Email: broof@alixpartners.com
Facsimile: 212-490-1344

**Debtor's Counsel**

Haynes and Boone, LLP
Attn: Charles A. Beckham, Jr.
Attn: Brooks Hamilton
1 Houston Center
1221 McKinney, Suite 2100
Houston, TX 77010
Email: charles.beckham@haynesboone.com
Email: brooks.hamilton@haynesboone.com
Facsimile: 713-547-2600

**Debtor's Special Counsel**

Bonelli Erede Pappalardo Studio Legale
Attn: Vittorio Lupoli
Attn: Sara Piccardo
Via delle Casaccie, 1
16121 Genova
Italy
Facsimile: 39 010 813849
Email: vittorio.lupoli@beplex.com
Email: sara..piccardo@beplex.com

**Debtor's Crisis Managers**

Think3, Inc.
c/o AlixPartners
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201

**U.S. Trustee**

Office of the United States Trustee
903 San Jacinto, Suite 230
Austin, TX 78701
Facsimile: 512-916-5331

**Counsel to Gensym Cayman, L.P., Versata FZ-LLC, Versata Development Group, Inc., Versata Software, Inc., and ESW Capital, LLC**

Morrison & Foerster LLP
Attn: Larry Engel
Attn: Vincent Novak
Attn: Kristin Hiensch
425 Market Street
San Francisco, CA 94105
Email: lengel@mofo.com
Email: vnovak@mofo.com
Email: khiensch@mofo.com
Facsimile: 415-268-7522

Fulbright & Jaworski, L.L.P.
Attn: Berry D. Spears
Attn: Anna Maria Mendez
600 Congress Avenue, Suite 2400
Austin, Texas 78701-2878
E-mail: bspears@fulbright.com
Email: amendez@fulbright.com
Facsimile: 512-536-4598

**Italian Trustee**

Dr. Andrea Ferri
Studio Ferri & Associati
Via D'Azeglio 19
40123 Bologna
Italy
Email: studio@studioferri.it
Email: andreaferri@studioferri.it
Facsimile: 051/270313

Dr. Andrea Ferri
c/o Galletti, Ricciardello and Partners
Attn: Mr. Edgardo Ricciarello
Via F. Baracca, n. 3
40133 Bologna
Italy
Email: info@grplaw.it

**US Counsel to Italian Trustee**

Joel M. Walker
Duane Morris LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2811
Email: jmwalker@duanemorris.com
Facsimile: 412-497-1001

**Equity Interest Holder**

ESW Capital LLC
6011 W. Courtyard Dr.
Austin, TX 78730

**Governmental and Taxing Authorities**

Internal Revenue Service
STOP #5022AUS
300 E. 8th St.
Austin, TX 78701

Texas Comptroller of Public Accounts
Revenue Accounting Division - Bankruptcy Section
P.O. Box 13528
Austin, TX 78711

Texas Workforce Commission
Bankruptcy Section
P.O. Box 149080
Austin, TX 78714

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0039

Illinois Department of Employment Security
Northern Region
260 East Indian Trail Rd.
Aurora, IL 60505-1733

Illinois Department of Employment Security
5608 West 75th Place
Burbank, IL 60459-3200

Ohio Attorney General
POBox 89471
Cleveland, OH 44101-6471

State of Illinois
Department of Employment Security
33 South Street
Chicago, IL 60603-2802

Illinois Department of Revenue
POBox 19447
Springfield, IL 62794-9447

Social Security Administration
Data Operations Center
Wilkes-Barre, PA 18769-0001

Equitalia
Patrizio Fiacco, Agente della Riscossione - Bologna
Equitalia Polis SpA
Via D. Svampa, 11
40129 Bologna
Italy
Email: patrizio.fiacco@equitaliapolis.com

Michigan Dept. of Treasury
Lansing, MI 48930

**Insurance Companies**

Arch Capital Group Ltd.
Attn: Brendan Quinlan, ARM
Wessex House, 4th Floor
45 Reid Street
Hamilton, HM 12
Bermuda

The Chubb Corporation
15 Mountain View Road
PO Box 1615
Warren, NJ 07059

The Navigators Group, Inc.
One Penn Plaza
New York, NY 10119

**Banks**

Comerica Bank
Comerica Bank Tower
1717 Main Street
Dallas, TX 75201

Silicon Valley Bank
3003 Tasman Drive
Santa Clara, CA 95054

UniCredit S.p.A.
Piazza Cordusio
20123 Milan
Italy
Email: info@unicredit.eu

Banca IMI
Largo Mattioli, 3
20121 Milan
Italy
Email:  info@bancaimi.com

**Twenty Largest Unsecured Creditors**

Equitalia Polis SpA
Via D. Svampa, 11
40129 Bologna
Italy
Email: patrizio.fiacco@equitaliapolis.com

think3 SRL
Attn:  Massimiliano Magagnoli
Studio Magagnoli
Via M. D'Azeglio 48
40123 Bologna
Italy
Email: m.magagnoli@studiomagagnoli.it

Think3 Designs Private Limited
3rd Floor, AKEMPS
28, 3rd Main, 1st Cross
Ashwini Layout
Ejipura
Bangalore 560 047
India

Think3, GmbH
Keltenring 5
Oberhaching
Munich
Germany

Bologna Group SpA
Piazza San Domenico 9
40124 Bologna, Italy

think3 K.K.
Attn:  Katsuhiro Kojima
c/o Artemis International K.K.
4, Koji-machi 2-chome,
Chiyoda-ku, Tokyo 102-0083
Japan

Think3, SARL
96 Boulevard Vivier Merle
Lyon, France

Think3, SARL
55 Avenue Galline
69100 Villeurbanne
France

Think3, SARL
c/o Patrick-Paul Dubois
32 Rue Moliere
69006 Lyon
France
Email: etude-p-p.dubois@pp-dubois.com
Facsimile: 04.72.75.49.60

La Torre SRL
Via Gabriele Colombo, 28
20050 Camparada (MB)
Italy

Siemens Ltd.
Wittelsbacherplatz 2
8033 Munich
Germany

Axus Italiana SRL
Via Cesare Giulio Viola 74
Roma, I-00148
Italy

KOSME s.r.l.
Via dell'Artigianato, 5
46048 Roverbella (Mantova)
Italy

Vision Consultants Limited
(address unknown)

Dell SA
Attn: General Counsel/Bankruptcy
One Dell Way
Round Rock, TX  78682

Versata Enterprises, Inc.
6011 W. Courtyard Drive
Austin, TX  78730

ITI -International Technegroup, Inc.
5303 DuPont Circle
Milford, OH  45150
Email: info@iti-global.com

Exergia Energia & Gas S.P.A.
C.so Sempione, 15a
21013 Gallarate
Italy

Cidielle Service SRL
19, v. Grada Grada
40122 Bologna (BO)
Italy


Studio Legale TommasoTommesani
Via De Poeti, n. 5
40124 Bologna
Italy
Email: st.leg.tommesani@alinet.it

Vodafone Omnitel N.V.
Via Caboto, 15
20094 Corsico, Milano
Italy

Versata FZ LLC
707-708 Al Thurayal
Dubai Media City
Dubai
UAE

Versata FZ LLC
Attn: Andrew E. Monarch
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105

Versata FZ LLC
Attn: Patton G. Lochridge
Attn: Travis C. Barton
McGinnis Lochridge & Kilgore, LLP
600 Congress Ave, Suite 2100
Austin, TX 78701
Email: bthompson@mcginnislaw.com

**Parties Requesting Notice**

McGinnis Lochridge & Kilgore, LLP
Attn: Brian T. Thompson
600 Congress Ave, Suite 2100
Austin, TX 78701
Email: bthompson@mcginnislaw.com