# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| IN RE: | § |
| | § CHAPTER 15 |
| THINK3 INC., | § |
| | § CASE NO. 11-11925-HCM |
| DEBTOR IN A FOREIGN PROCEEDING | § |

## FOREIGN REPRESENTATIVE'S STATEMENT IN REPLY

Dr. Andrea Ferri, the Italian Trustee of Think3, respectfully submits this statement in reply to the objection (the "Objection") of the "settling creditors" to the notice of withdrawal (the "Notice") previously filed by the Italian Trustee.[1]

## Statement

1. The Objection, in and of itself, makes the point asserted in the Notice. The twenty (20) case filings added to the docket in this case yesterday reinforce the point. Versata is engaged in a scorched-earth litigation campaign with the hope that the Italian Trustee will be put in a financial stranglehold.

2. The Italian Trustee will not respond to the many misstatements of fact and law set forth in the Objection. It makes little sense to further burden the Court.

3. There is, however, one matter that must be addressed: Versata's contention that the Italian Trustee breached the confidentiality of recently-conducted mediation sessions. As "proof," Versata identifies a paragraph in the Notice which points out that Versata is pursuing a scorched-earth litigation campaign.

4. The Notice does not refer to anything said in mediation, and no such reference is now or has ever been necessary. Versata's strategy (and that of its related, interested parties, including the DIP Lender) has been clear from the outset. The Notice simply states the obvious.

---

[1] Unless otherwise noted herein, capitalized terms have the meanings ascribed to them in the Petition. [Dkt. No. 1].

5. Even more troubling is the fact that Versata goes so far in the Objection as to offer a characterization of the mediator's view of the parties' conduct during mediation. *See id*. at ¶ 9. Not surprisingly, the Italian Trustee's view of the parties' conduct is the polar opposite of Versata's. Moreover, the Italian Trustee does not presume to speak for the mediator and will offer no characterization of the mediator's views.

6. The Italian Trustee will not respond in kind to Versata's inflammatory and transparent litigation rhetoric, nor will he respond to Versata's commentary other than to state clearly and unequivocally that Versata's contentions and characterizations are without basis and are false. As an officer of the Italian Court, the Italian Trustee believes he is duty-bound to note these affirmative misstatements of fact.

Dated: Pittsburgh, PA
       September 7, 2011

Respectfully,

**DUANE MORRIS LLP**
  */s/Joel M. Walker*
Joel M. Walker, Esq.
Duane Morris LLP
Suite 5010
600 Grant Street
Pittsburgh, PA 15219-2802
*JMWalker@duanemorris.com*

Wesley W. Yuan, Esq.
Duane Morris LLP
1330 Post Oak Blvd.
Houston, TX 77056
Ph: 713.402.3900
Fax: 713.402.3901

William C. Heuer, Esq.
Rudolph J. Di Massa, Jr., Esq.
1540 Broadway
New York, New York 10036-4086
*Counsel to the Italian Trustee*

2